IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT HALL,<br><br>      Plaintiff,<br><br>v.<br><br>PHILADELPHIA TRUCK LINES, INC.,<br><br>      Defendant. | Case No. 1:20-cv-06178-PBT<br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

### I.   INTRODUCTION

1. Plaintiff Vincent Hall ("Plaintiff" or "Hall") brings this civil action against Philadelphia Truck Lines, Inc. ("PTL") to remedy workplace practices that violated federal and state statues that prohibit disability and race discrimination.

2. To the extent applicable laws allow, Mr. Hall seeks monetary and injunctive relief against PTL to correct unlawful employment practices in violation of: Title I of the Americans with Disabilities Act of 1990 ("ADA") as amended, including the ADA Amendments Act of 2008 ("ADAAA"); the Family and Medical Leave Act ("FMLA"); Title VII of the Civil Rights Act of 1964; Section 1981, 42 United States Code; Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and the Pennsylvania Human Relations Act ("PHRA"), all of which prohibit disparate race- and/or disability-and/or retaliation-based discriminatory practices in employment.

### II.   JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiffs federal law related claims under 28 U.S.C. §§ 451, 1331, and 1343.

1

4. This action is authorized pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981; Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; the ADA, 12101 et seq., as amended; the FMLA, § 2601 et seq.; and the PHRA, 43 P.S. §§ 951-963.

5. This Court has supplemental jurisdiction over Mr. Hall's state law claim(s) pursuant to 28 U.S.C. § 1367 because any such claim(s) is/are sufficiently related to his federal claim(s) to form part of the same case or controversy.

6. Venue is proper pursuant to 28 U.S.C. § 139l(b) because all the events or omissions giving rise to the claims alleged herein occurred within this judicial district.

### III.  ADMINISTRATIVE EXHAUSTION

7. Before filing his complaint, Mr. Hall exhausted administrative remedies: he dual-filed charges of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge No.: 530-2020-03700, Exhibit "A", incorporated here by reference, and with the Pennsylvania Human Relations Commission ("PHRC").

8. Subsequently, EEOC issued a notice that granted to Mr. Hall the right to sue PTL within 90 days of his receipt of the notification.

9. The right to sue letter is dated Wednesday, September 2, 2020, but the machine stamped postage on the mailing envelope is dated Thursday, September 3, which the U.S. Postal Service delivered on, and Plaintiff received, on September 8, 2020.

### IV.  PARTIES

10. Plaintiff Vincent Hall is an adult male who, at all relevant times resided in Philadelphia County, within the court's boundaries.

11. The Defendant, Philadelphia Truck Lines, Inc. is an incorporated entity that

2

employs more than 15 persons and is authorized to conduct business in the Commonwealth of Pennsylvania from its headquarters at 519 Kaiser Drive, Suite D, Folcroft, PA 19032.

## V.     FACTUAL ALLEGATIONS

12. PTL hired Plaintiff Vincent Hall as a line haul truck driver on August 17, 2017.

13. During his employment at PTL, Mr. Hall conscientiously and competently performed his assigned job duties.

14. On or about March 26, 2019, while on duty for PTL and driving a truck along the New Jersey Turnpike, near Exit 6, Plaintiff struck an unauthorized pedestrian: a twenty-something year old male who intentionally and without warning leaped into the path of Mr. Hall's vehicle so suddenly that Plaintiff could not stop before, or otherwise avoid, striking the man.

15. Initially, the person survived the impact of being struck.

16. But heavy vehicular traffic traveling the route, and the failure of other drivers to proceed with care, prevented Mr. Hall from reaching the individual to offer any assistance that may or may not have saved a life, and the suicidal man died.

17. PTL knows that the man's intent to commit suicide was accomplished by purposefully stepping in front of the truck Plaintiff was driving.

18. After the job-related accident along the Turnpike, Mr. Hall experienced severe post-traumatic stress and anxiety.

19. Consequently, Plaintiff petitioned for worker's compensation benefits, sought and received professional mental health treatment, and observing his counselor's advice he requested time off from PTL.

20. On April 19, 2019, PTL approved leave for Mr. Hall under the FMLA.

21. From then and continuing with regularity, PTL received updates about Mr. Hall's condition from skilled, medical professionals.

22. On or about May 3, 2019, PTL was informed that Mr. Hall could not return to work in the short term.

23. In another report dated July 1, 2019, PTL was told that Mr. Hall had frequent, recurring flashbacks of the accident involving the suicidal man who darted in front of his truck and so struggled to overcome the emotional effect.

24. PTL admitted to the EEOC it saw a counselor's report stating that, given Mr. Hall's emotional state, he "was not capable of returning to work anytime soon."

25. PTL claims Mr. Hall's FMLA leave ran out on July 12, 2020.

26. At no time before that alleged end date or subsequent to it, did PTL engage with him about any accommodation that would hasten his return to work, or about whether he could perform his duties with or without reasonable accommodation.

27. On July 17, 2019, PTL falsely claimed to EEOC that Defendant and Plaintiff had negotiated a settlement of his workers' compensation claim, and that as a condition of the settlement, Mr. Hall agreed to voluntarily resign from his employment with PTL before his FMLA leave expired.

28. Plaintiff denies PTL's contention that he knowingly agreed to forego his employment relationship with the entity, or his future employment there.

29. PTL's misrepresentation is obvious because, if such separation were true, it needlessly sent Plaintiff a letter dated July 22, 2019, terminating his employment, not for voluntary departure or by agreement, but this: **"Due to the exhaustion of your FMLA leave entitlement and your inability to return to work your**

**employment with [PTL] has been terminated, effective today, July 22, 2019."**

30. Three months later, on October 10, 2019 a hearing was held before a worker's compensation judge about Mr. Hall's claim and potential resolution.

31. At no time from the date of the accident on the Turnpike through the worker's compensation hearing did PTL discuss accommodating Mr. Hall's return to work.

32. Additionally, Mr. Hall believes and therefore alleges that non-black or non-African American PTL employees were treated more favorably, in that, unlike him, they were not deprived of reasonable accommodation, or terminated under similar circumstances, including because FMLA leave was exhausted.

33. Since his termination from PTL, Mr. Hall has lost income.

## FIRST COUNT
### Violation of the Americans with Disabilities Act

34. All prior paragraphs, 1 through 33, are incorporated as if fully set forth here.

35. Underpinning this action is PTL's failure to provide reasonable accommodation to Mr. Hall for a disability PTL knew existed and was the reason he sought, and Defendant approved his FMLA time off.

36. This action is authorized by the ADA.

37. Title I of the Americans with Disabilities Act (ADA) prohibits discrimination against individuals on the basis of disability in regard to the terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a).

38. PTL violated the ADA, 42 U.S.C. § 12101 *et seq*, as amended.

39. Prohibited discrimination under the ADA includes "not making reasonable accommodations to the known physical or mental limitations of an

otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5).

40. At all relevant times, Mr. Hall suffered a physical impairment, post-traumatic syndrome disorder ("PTSD"), substantially limiting his major life activities, such that he qualified as an individual with a disability within the meaning of the ADA. 42 U.S.C. § 12102, as amended.

41. PTL clearly regarded Mr. Hall as an individual with a disability within the meaning of the ADA.

42. His impairment was admittedly obvious to PTL based upon the approval of his FMLA leave, as well as the medical reports PTL received from Plaintiff's treating professionals.

43. Mr. Hall is otherwise qualified to perform the line haul job because he was hired for the job and successfully performed the essential functions of the job from his hire date in 2017 through the accident in 2019.

44. PTL is an employer engaged in an industry affecting commerce, has 15 or more employees and is a covered employer obligated to comply with ADA mandates to provide reasonable accommodations to employees with disabilities.

45. PTL discriminated against Mr. Hall by repeatedly failing to make reasonable accommodations for his known disability.

46. Before terminating Plaintiff's employment, PTL failed to consider whether Mr. Hall could perform the essential functions of his job with or without reasonable accommodation.

47. At no time did PTL engage an interactive process to determine what essential functions of the job may need accommodating.

48. PTL's discrimination directly and proximately caused Mr. Hall to sustain severe and lasting emotional and psychological harm.

## SECOND COUNT
### Violation of the FMLA

49. All prior paragraphs, 1 through 49, are incorporated as if fully set forth here.

50. The Family Medical Leave Act ("FMLA") provides that an employer must reinstate an eligible employee on an approved FMLA leave to said employee's same position, or to an equivalent position, upon the termination of said employee's leave.

51. Defendant is and at time relevant was a covered employer under the FMLA, 29 U.S.C. 26 § 2611 (4)(A), and violated the statute as applied to Plaintiff.

52. At all times herein relevant, Plaintiff was an eligible employee on an approved FMLA leave for a serious personal health condition.

53. Defendant violated the FMLA for reasons including refusing to reinstate Plaintiff to his job, or a modified work schedule, or an equivalent position.

54. Even if Plaintiff's FMLA leave was up, PTL lacked justifiable excuse to terminate Mr. Hall's employment without first affording him some additional time off maybe, and other reasonable accommodation under the ADA.

55. Plaintiff is entitled to liquidated damages under 29 U.S.C. § 2617(a)(l)(A)(iii) as

      Defendant did not act in good faith and had no reasonable grounds for believing it was not violating the FMLA. See, *Martin v. Cooper Electric Supply Co*., 940 F.3d 896, 908 (3d Cir. 1991) "A defendant employer's burden of proof is a difficult one to meet.  Double damages are the norm, single damages the exception."

56. Plaintiff is also entitled to appropriate statutory and equitable relief, including employment, reinstatement, back and front pay.

57. Finally, Plaintiff is entitled to costs and reasonable attorney's fees pursuant to 29 U.S.C. § 2617(a)(l)(A)(3).

## THIRD COUNT
### Violation of Title VII and 42 U.S.C. § 1981

58. All prior paragraphs, 1 through 57, are incorporated as if fully set forth here.

59. PTL violated Title VII, 42 U.S.C. §2000e et seq., and 42 U.S.C. § 1981, which prohibit employment practices that discriminate against individuals based on race.

60. Plaintiff believes and therefore avers that similarly situated non-black or Caucasian employees were treated more favorably in employment, including receiving reasonable accommodation, extended leave for health-related reasons or for such instances covered by the FMLA, and were not terminated upon expiration of FMLA leave.

## FOURTH COUNT
### Race and Disability Violations of
### Pennsylvania Human Relations Act

61. All prior paragraphs, 1 through 60, are incorporated as if fully set forth here.

62. PTL violated the Pennsylvania Human Relations Act**,** which prohibits employment practices that discriminate against individuals based on a non-job-related handicap or disability, and race.

8

63. The PHRA covers all public employers and private employers like PTL with four or more employees.

64. The PHRA expressly make it unlawful for an employer to refuse to employ, or discharge an individual on the basis of handicap or disability, if the individual or contractor is qualified and competent to perform the duties required.

65. The PHRA further prohibits race-based discriminatory practices in employment of the type PTL has engaged in against Plaintiff.

66. WHEREFORE, because of PTL's unlawful conduct as alleged herein in preceding paragraphs 1 through 65, Mr. Hall has suffered injuries, including financial loss, physical and emotional distress, headaches, sleepless nights, and relational distance from his immediate family.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests relief against PTL as follows:

(a) Back pay, with interest, for lost income.

(b) Award front-pay for prospective loss of future income.

(c) Award liquidated damages pursuant to 29 U.S.C. 2617(a)(1(A)(iii).

(d) Enjoin Defendant, its agents, and employees from unlawfully discriminating against Plaintiff based on his disability.

(e) For Defendant, its agents, and employees to recall Plaintiff and reinstate him by promptly providing reasonable accommodation.

(f) For Defendant, its agents, and employees, to conduct mandatory

|     |     |
| --- | --- |
|     | training for all supervisors and Human Resources staff companywide at all locations. |
| (f) | Compensatory and actual damages to Plaintiff in an amount to be determined at trial. |
| (g) | Punitive damages in an amount to be determined at trial. |
| (h) | Costs and reasonable attorneys' fees; and |
| (i) | Such other and further relief as this Court deems just and proper. |

Respectfully submitted,

WILLAN FRANKLYN JOSEPH, LLC

<u>/s/ *Willan F. Joseph*</u>
Willan F. Joseph, Esquire
PA Bar I.D. 63073
22 N. Lansdowne Ave
Lansdowne, PA 19050
(610) 259-8900 – Tel.
WFJ@wefreelaw.com

Dated: March 3, 2021                              Attorney for Plaintiff